# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In the Matter of: | |
| JEFFREY LEWIS CLARK<br>SSN: XXX-XX-1093 | CASE NO. 11-83194-JAC-7 |
| | CHAPTER 7 |
| Debtor(s). | |
| JEFFREY LEWIS CLARK | AP NO. 11-80122-JAC-7 |
| Plaintiff(s),<br>v. | |
| TEXAS GUARANTEED STUDENT<br>LOAN CORP. | |
| Defendant(s). | |

## MEMORANDUM OPINION

On March 5, 2012, this case came before the Court on the parties' cross motions for summary judgment. The debtor objects to the dischargeability of a debt owed to the Texas Guaranteed Student Loan Corporation ("TGSLC") in the amount of approximately $28,338.03 pursuant to 11 U.S.C. § 523(a)(8) on the grounds that repayment of the student loan would impose an undue hardship on the debtor. In conformity with the findings of facts and conclusions of law dictated into the record in open Court and set forth more fully below, the Court finds that judgment is due to be entered in favor of the defendant, TGSLC.

### Findings of Fact

1. In 1995, the debtor was convicted of a felony for indecent assault and a misdemeanor for the corruption of a minor.

2. From January of 1997 to May 1997, the debtor attended college at Clarion University. From August 1998 until December 2001, the debtor attended Penn State University.

3. On June 27, 2004, the debtor consolidated his student loan debt by obtaining a loan from the defendant, TGSLC. The consolidation loan is the type of loan contemplated under § 523(a)(8) and TGSLC is the type of lender contemplated under § 523(a)(8). As of November 2, 2011, the balance due on the consolidation loan was $28,338.03.

4. The debtor received a 12 month deferment and forbearances of 33 months on the consolidation loan payments.

5. In 2007, the debtor worked for Pro Chemtech as an engineer earning $44,000. The debtor made payments on the loan totaling $4,208.78 for a period of time while he was employed as an engineer until he was laid off in November of 2007.

6. Since he was laid off, the debtor has been unable to obtain employment as an engineer and believes that his inability to find new employment is related to his 1995 felony and misdemeanor convictions. With the exception of a few minor jobs, the debtor's sole income since being laid off has been unemployment benefits.

7. The debtor currently lives with his girlfriend and her minor child. The debtor's girlfriend has annual income of $35,000.

8. The debtor was 37 years old on the petition date. He does not have any health issues and no dependents of his own.

2

Case 11-80122-JAC    Doc 24    Filed 03/09/12    Entered 03/09/12 09:30:49    Desc Main
Document      Page 2 of 7

## Conclusions of Law

After considering both motions for summary judgment, the responses and replies made thereto, the affidavits, and for the reasons discussed in open court and below, the Court finds that there is no genuine issue of material fact and that, pursuant to Fed.R.Civ.P. 56(c) and Fed.R.Bankr.P. 7056, summary judgment is due to be entered in favor of TGSLC pursuant to 11 U.S.C. § 523(a)(8). Section 523(a)(8) reads as follows:

> **(a) A discharge under section 727 . . . does not discharge an individual debtor from any debt–**
>
> **\* \* \* \***
>
> **(8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for --**
>
> **(A) (i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or**
>
> **(ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or**
>
> **(B) any other educational loan that is a qualified educational loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual[.]**

Although the Bankruptcy Code does not define the term "undue hardship" for purposes of § 523(a)(8), the Eleventh Circuit has adopted the standard for determining same as set forth in *Brunner v. New York State Higher Educ. Servs. Corp. (In re Brunner),* 831 F.2d 395

(2d Cir. 1987).[1] To establish undue hardship, the *Brunner* standard requires the debtor to prove by a preponderance of the evidence:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for [himself] and [his] dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.[2]

The affidavit submitted by the debtor in support of his undue hardship argument fails to establish by a preponderance of the evidence the elements of the test adopted by the Eleventh Circuit for determining undue hardship. The debtor asserts that he cannot maintain, based on his current income and expenses, a minimal standard of living for himself. The debtor argues that he has no income and further that the income of his girlfriend is insufficient to repay the student loan and maintain a minimal standard of living. The girlfriend brings home approximately $2,200 per month, plus child support of $500, totaling $2,700 per month. Their household expenses total $2,843 per month. Accordingly, the debtor argues that any payments toward his student loan payment would be to the detriment of the reasonable needs of the debtor's girlfriend and her son.

TGSLC counters that despite the debtor's tight finances, the debtor has repayment options that are based not on the amount due, but rather the debtor's income and family size. Under the Income Contingent Repayment Plan, the debtor's payments would be $0.00 per

---

[1] *In re Cox,* 338 F.3d 1238, 1241-42 (11th Cir. 2003).

[2] *In re Mosley*, 494 F.3d 1320 (11th Cir. 2007)(citing the *Brunner* factors for determining undue hardship).

4

month and would remain at that level while the debtor's income is at or below the federal poverty level for an individual. The Court finds that this repayment option would clearly allow the debtor to maintain his current standard of living and make the payments on his student loan obligation under an income contingent repayment program. Additionally, the Court notes that despite the debtor's limited resources, the debtor voluntarily reaffirmed a debt totaling $1,425 with Best Buy. The debtor obligated himself to pay $50 per month for the next 29 months to retain certain electronic equipment. The debtor's willingness to reaffirm this debt when coupled with a $0.00 payment option plan for the student loan certainly negates his assertion that he is not able to repay the student loan and maintain a minimal standard of living.

The Court further finds that the debtor has not satisfied the second prong of the *Brunner* test which requires the debtor to prove the existence of additional circumstances that prevent him from maintaining a minimal standard of living for a significant portion of the repayment period. The debtor argues that due to the nature of his convictions and the practice that he has experienced of employers denying employment to him based on his convictions, the circumstances that are preventing him from obtaining employment in his chosen field are likely to never change.

TGSLC counters that the "additional circumstances" contemplated by courts in making a hardship determination traditionally involve instances where the debtor has experienced illness, developed disability, or become responsible for a large number of

5

dependents after receiving the loans.[3] In this case, the debtor is a healthy, 37 year old man, and he is not responsible for a large number of dependents. Although the debtor may currently be unable to obtain a job in his chosen field, he is certainly able to work in other areas and contribute to the family income.

Even if the debtor's convictions are considered an additional circumstance, TGSLC asserts that the convictions are a pre-existing condition. Courts have held that the term "additional circumstances" for purposes of the *Brunner* test encompasses circumstance that impacted the debtor's "earning potential but which were either not present when the loan was applied for or have since been exacerbated."[4] Otherwise, the debtor could have calculated that factor into his cost-benefit analysis at the time the debtor obtained the loan.[5] In this case, the debtor's 1995 convictions predate his student loan. Additionally, the Court notes that the debtor did obtain a job in his chosen field for most of 2007 following his convictions. Although the debtor asserts that he has been unable to obtain a job in that field since he was laid off in 2007, the very fact that the debtor did work in his chosen field following his convictions negates the debtor's argument that it is unlikely he will be unable to obtain another job in that field for a significant portion of the repayment period. Based upon all of

---

[3] *In re Thoms,* 257 B.R. 144, 149 (Bankr. S.D.N.Y. 2001).

[4] *In re Gerhardt*, 348 F.3d 89, 92 (5th Cir. 2003); *In re Thoms,* 257 B.R. 144, 149 (Bankr. S.D.N.Y. 2001)(explaining that type of "additional circumstances" indicating the debtor's present inability to repay is likely to persist is one that impacts upon debtor's future earning potential but was either not present when debtor applied for loans, or has since been exacerbated.").

[5] *In re Thoms*, 257 B.R. at 149.

Case 11-80122-JAC   Doc 24   Filed 03/09/12   Entered 03/09/12 09:30:49   Desc Main
Document      Page 6 of 7

the foregoing, the Court finds that the debtor has not satisfied the additional circumstances prong of the *Brunner* test.

Finally, the Court finds that the debtor has failed to satisfy the third prong of the *Brunner* test, good faith efforts to repay. Although some courts have rejected participation in the William D. Ford Program's Income Contingent Repayment Plan as a determining factor in finding good faith or lack of good faith, many courts have held that failure to participate in the program is a factor to be considered in the good faith analysis. In *Wieckiewicz v. Educ. Credit Mgmt. Corp.,* 443 Fed. Appx. 449 (11th Cir. 2011), the Eleventh Circuit recently affirmed a bankruptcy court's decision dismissing with prejudice a debtor's complaint against the assignee of his student loan lender due to the debtor's persistent refusal to comply with the court's order directing him to apply for a federal loan consolidation program under which the debtor's student loan payments could have been as low as $0 per month. Accordingly, the Court finds that the debtor has failed to satisfy each of the undue hardship elements set forth in *Brunner*. The Court will enter a separate order in conformity with the findings of fact and conclusions of law stated herein.

Done and Ordered this day March 9, 2012

                                             /s/ Jack Caddell
                                             Jack Caddell
                                             U.S. Bankruptcy Judge

JAC/mhb
xc:    Debtor(s)
        Richard Collins, attorney for plaintiff(s)
        W. McCollum Halcomb, attorney for defendant(s)
        Judith Thompson, trustee